UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUZERNE COUNTY and** | : | |
| **1900 Capital Trust II, by** | | |
| **U.S. Bank Trust National Assoc.,** | : | |
| **Plaintiffs** | : | CIVIL ACTION NO. 3:21-2005 |
| **v.** | : | |
| | | **(JUDGE MANNION)** |
| **ANTONELLO BOLDRINI, and** | : | |
| **DANIELE A. BOLDRINI,** | | |
| | : | |
| **Defendants** | : | |

## O R D E R

Initially, the court will direct the clerk to correct the docket in this case since the parties' designation as "plaintiff" and "defendant" are incorrect. It appears, upon removal from the state court by defendants Antonello Boldrini, and his son, Daniele A. Boldrini, (collectively "Boldrinis"), erroneously captioned themselves as the *"plaintiffs"* in their notice of removal filed in federal court. (Doc. 1). If they were plaintiffs, they would have had no right or authority to remove this case to federal court. *See* Stanley v. Lowe's Companies, Inc., 2020 WL 1531387, at *2 (D. N.J. Mar. 31, 2020) ("A *defendant* may remove a civil action filed to federal court if the federal court would have original jurisdiction to hear the matter in the first instance."(emphasis added)) (citing 28 U.S.C. §1441(a); Boyer v.

1

Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). As such, the clerk of court is directed to correct the caption on this case as reflected above.

Briefly as a backdrop, this case was originally filed as two separate actions, one brought by plaintiff Luzerne County, and one brought by plaintiff 1900 Capital Trust II, by U.S. Bank Trust National Association, ("Capital Trust"), in the Court of Common Pleas of Luzerne County against the two Boldrini defendants. Both actions arose from a judgment entered against Boldrinis in a mortgage foreclosure case and the sale of their real property pursuant to a Sheriff's Sale that was subjected to the mortgage held by Capital Trust.

Boldrinis, as state court defendants, then filed in this court a "Removal to Federal Court", (Doc. 1), in which they removed the two separate state court actions, and improperly re-cast themselves as the "*plaintiffs*" even though both Boldrinis were, in fact, defendants in each of the state court actions. Unfortunately, when the clerk of court docketed this case, the error in the caption was not noted and Boldrinis were then improperly listed as the "*plaintiffs*" instead of the "*defendants*", and the actual plaintiffs were listed as the defendants.

Presently before the court is the report and recommendation of Chief Magistrate Judge Mehalchick, (Doc. 67), filed on February 24, 2022, which

addresses several pending motions, including, motions to remand to the Court of Common Pleas of Luzerne County filed by plaintiffs Capital Trust and Luzerne County, (Doc. 4, Doc. 14), as well as a motion for removal, two motions for extension of time, and a motion for reconsideration filed by the Boldrini defendants. (Docs. 17, 19, 57 & 58). The report recommends that Capital Trust's and Luzerne County's motions to remand, (Doc. 4, Doc. 14), be granted, and that Boldrinis' motion for removal, (Doc. 19), be denied. The report also recommends that Boldrinis' motions for extension of time and reconsideration be struck as moot, (Doc. 17, Doc. 57, Doc. 58). In particular, the report recommends that this case be remanded to the Court of Common Pleas of Luzerne County since "[Boldrinis] have failed to allege either diversity jurisdiction or federal question jurisdiction."

Also pending are two motions filed by Boldrinis after the report was filed, namely, a motion for an extension of time to file a motion for leave of court to file an amended complaint and add 35 new defendants to this case, (Doc. 68), and a motion, (Doc. 78), to stay the order of this court granting Boldrinis an extension of time until April 1, 2022 to file objections to the report pending resolution of their motion, (Doc. 72), to reinstate their appeal of a magistrate judge's decision, (Doc. 61).

Additionally, the report states, (Doc. 67 at 1-2), "Capital Trust [also] avers that removal by [Boldrinis] is improper as it violates a previous Order from the Court enjoining Antonello Boldrini from filing an action without leave of Court."[1]

The undersigned has reviewed Judge Mariani's Order issued on December 9, 2019, (Doc. 122, 19-CV-1576), almost two years before the Boldrinis filed their "Removal to Federal Court", (Doc. 1), on November 26, 2021. No doubt that the Boldrinis were well-aware of Judge Mariani's December 9, 2019 Order when they removed the instant case to federal court. (*See* Doc. 122 at 3 n. 1, 19-CV-1576). The court finds that Boldrinis' filing, which relates to the same claims against Capital Trust that were raised in the 2016-3597 Luzerne County Court case, constitute a filing of a new case by Boldrini, without leave of court, in violation of Judge Mariani's

---

[1] The report did not address this issue in the body but noted, (Doc. 67 at 2 n. 1), as follows:
> The Court recognizes Judge Mariani's Order [Doc. 122, 19-cv-1576] enjoining Antonello Boldrini "from filing, without leave of Court, any new case in this Court arising in connection with or relating to the facts and claims" of his state mortgage foreclosure proceedings. (Doc. 4, at 12-13); *1900 Capital Trust II by U.S. Bank Trust Nat'l Ass'n v. Boldrini*, No. 3:19-cv-01576 (M.D. Pa. Dec. 9, 2019), ECF No. 122. The Court notes that Antonello Boldrini has not demonstrated that he sought leave of Court to remove this case and that his actions are in violation of Judge Mariani's Order.

December 9, 2019 Order. The court also finds that the record demonstrates that Boldrini, by filing the present case in federal court, has clearly violated Judge Mariani's December 9, 2019 Order enjoining him from filing any new case in this court relating to the mortgage foreclosure proceedings with Capital Trust without first submitting, by mail, his notice of filing to Judge Mariani and seeking the Judge's pre-docketing review and authorization before filing his case. Thus, Boldrini has failed to abide by the court's directive.

As such, the court **REMANDS** this case, **(Doc. 1)**, since it was filed by Boldrini in federal court without prior authorization in violation Judge Mariani's December 9, 2019 Order. *See* Danihel v. Office of President, 640 Fed.Appx.185 (3d Cir. 2016) (finding that district court did not abuse its discretion in dismissing plaintiff's case that violated the court's filing injunction issued against plaintiff even though "the causes of action listed in [plaintiff's] [second complaint] are labeled differently than those in the first complaint, [since] the two complaints effectively make the same substantive arguments.") (citing Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) ("We are not bound by the label attached by a party to characterize a claim and will look beyond the label to analyze the substance of a claim.")).

The court also **DISMISSES AS MOOT** all of the other pending matters filed in this case, namely, **(Docs. 4, 14, 17, 19, 57, 58, 67, 68, 72 & 78)**.

The clerk of court is directed to **CLOSE** this case.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: April 13, 2022**
21-2005-02