UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUZERNE COUNTY and 1900 Capital Trust II, by U.S. Bank Trust National Assoc., : | |
| Plaintiffs : | CIVIL ACTION NO. 3:21-2005 |
| v. : | |
| ANTONELLO BOLDRINI, and DANIELE A. BOLDRINI, : | (JUDGE MANNION) |
| : | |
| Defendants : | |

**O R D E R**[1]

On April 13, 2022, the court issued an Order, (Doc. 79), remanding this case to state court since it was filed by Boldrinis in federal court without prior authorization in violation Judge Mariani's December 9, 2019 Order issued in 1*900 Capital Trust II by U.S. Bank Trust Nat'l Ass'n v. Boldrini*, No. 3:19-cv-01576 (M.D. Pa. Dec. 9, 2019), (Doc. 122). The court also dismissed as moot all of the other pending matters filed in this case, namely, (Docs. 4, 14, 17, 19, 57, 58, 67, 68, 72 & 78), and directed the clerk of court to close this case. Included with the motions which the court

---

[1]Since the background of this case is stated in the Report and Recommendation, (Doc. 67), as well as in the court's prior Orders, (Docs. 79 & 81), it is not fully repeated herein.

dismissed were Boldrinis' motions, (Doc. 78), to stay the order of this court granting Boldrinis an extension of time to file objections to Judge Mehalchick's report and recommendation pending resolution of their motion, (Doc. 72), and to reinstate their appeal of a magistrate judge's decision, (Doc. 61).

On April 15, 2022, Boldrinis filed a "Motion to Stay the Order to Answer to R&R Pending the Appeal", (Doc. 80), which was construed as a brief in support of their Doc. 78 motion regarding their request to stay the time period to object to Judge Mehalchick's report pending their March 7, 2022 appeal, (Doc. 73), of Judge Mehalchick's January 10, 2022 Order, (Doc. 36), which they filed with the Third Circuit on March 15, 2022, (Doc. 77). Judge Mehalchick's January 10, 2022 Order granted the plaintiffs' motion to stay the proceedings in this case until this court decided their motions to remand this case back to state court.

On April 22, 2022, the court issued an Order, (Doc. 81), directing the clerk of court to correct the docket to reflect that Boldrinis' Doc. 80 filing is a brief in support of their Doc. 78 motion for a stay, as opposed to a "Motion to Stay" as it was originally docketed. Since Boldrinis' Doc. 78 motion for a stay was already dismissed as moot by the court after the court remanded

this case to state court, the court directed that no further action on this motion was required, and that this case remain closed.

On April 27, 2022, Boldrinis filed a motion to extension of time, (Doc. 84), to file a motion for reconsideration regarding the court's two stated Order, (Docs. 79 & 81), as well as their motion for reconsideration and brief in support regarding the Orders, (Doc. 85).

Boldrinis' motion for extension of time seeking 10 days to file a motion, **(Doc. 84)**, is **DENIED AS MOOT** since they already filed their motion for reconsideration and brief.

Boldrinis' motion to reconsideration will also be denied as meritless. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677

(3d Cir. 1999)); Chesapeake Appalachia, LLC v. Scott Petroleum, LLC, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (Generally, reconsideration motions should be granted sparingly.). "The standard for granting a motion for reconsideration is a stringent one ... [A] mere disagreement with the court does not translate into a clear error of law." Chesapeake Appalachia, LLC, 73 F. Supp. 3d at 491 (quoting Mpala v. Smith, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007), aff'd, 241 Fed.Appx. 3 (3d Cir. 2007)) (alteration in original).

The burden for reconsideration is on the moving party and Boldrinis clearly do not demonstrate that any of the three grounds exist in their case which are required for the court to grant reconsideration. Further, since the court gave an explanation in its prior Orders which are the subject of Boldrinis' instant motion, it will not repeat this discussion. Also, simply because Boldrinis are unhappy with the results of the court's Orders, (Doc. 79 & 81), "is an insufficient basis to grant them relief." Kropa v. Cabot Oil & Gas Corp., 716 F.Supp.2d 375, 378 (M.D. Pa. 2010) (citation omitted).

Thus, to the extent Boldrinis request the court to reconsider its prior Orders, (Docs. 79 & 81), their motion, **(Doc. 85)**, is **DENIED**.

This case shall remain **CLOSED**, as it has been remanded.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: April 29, 2022**
21-2005-04