UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUZERNE COUNTY and<br>1900 Capital Trust II, by<br>U.S. Bank Trust National Assoc., | :<br>:<br>: |
| Plaintiffs | : CIVIL ACTION NO. 3:21-2005 |
| v. | :<br>(JUDGE MANNION) |
| ANTONELLO BOLDRINI, and<br>DANIELE A. BOLDRINI, | :<br>:<br>: |
| Defendants | : |

**O R D E R**[1]

On April 13, 2022, the court issued an Order, (Doc. 79), remanding this case to state court since it was filed by Boldrinis in federal court without prior authorization in violation Judge Mariani's December 9, 2019 Order issued in *1900 Capital Trust II by U.S. Bank Trust Nat'l Ass'n v. Boldrini*, No. 3:19-cv-01576 (M.D. Pa. Dec. 9, 2019), (Doc. 122). The court also dismissed as moot all of the other pending matters filed in this case, namely, (Docs. 4, 14, 17, 19, 57, 58, 67, 68, 72 & 78), and directed the clerk of court to close this case. Included with the motions which the court

---

[1]Since the background of this case is stated in the Report and Recommendation, (Doc. 67), as well as in the court's prior Orders, (Docs. 79 & 81), it is not fully repeated herein.

1

dismissed were Boldrinis' motions, (Doc. 78), to stay the order of this court granting Boldrinis an extension of time to file objections to Judge Mehalchick's report and recommendation pending resolution of their motion, (Doc. 72), and to reinstate their appeal of a magistrate judge's decision, (Doc. 61).

On April 15, 2022, Boldrinis filed a "Motion to Stay the Order to Answer to R&R Pending the Appeal", (Doc. 80), which was construed as a brief in support of their Doc. 78 motion regarding their request to stay the time period to object to Judge Mehalchick's report pending their March 7, 2022 appeal, (Doc. 73), of Judge Mehalchick's January 10, 2022 Order, (Doc. 36), which they filed with the Third Circuit on March 15, 2022, (Doc. 77). Judge Mehalchick's January 10, 2022 Order granted the plaintiffs' motion to stay the proceedings in this case until this court decided their motions to remand this case back to state court.

On April 22, 2022, the court issued an Order, (Doc. 81), directing the clerk of court to correct the docket to reflect that Boldrinis' Doc. 80 filing is a brief in support of their Doc. 78 motion for a stay, as opposed to a "Motion to Stay" as it was originally docketed. Since Boldrinis' Doc. 78 motion for a stay was already dismissed as moot by the court after the court remanded

this case to state court, the court directed that no further action on this motion was required, and that this case remain closed.

On April 27, 2022, Boldrinis filed a motion for reconsideration regarding the court's two stated Order, (Docs. 79 & 81). (Doc. 85).

On April 29, 2022, the court issued an Order and denied Boldrinis' motion for the court to reconsider its prior Orders, (Docs. 79 & 81), as meritless. (Doc. 86).

On May 11, 2022, each defendant separately filed identical motions for relief from various Orders issued by the court, namely, Docs. 36, 67, 75, 79, 81 & 86, pursuant to Federal Rule of Civil Procedure Rule 60(b). (Docs. 89 & 90). Defendants allege that the stated prior Orders of the court were based on many mistakes and based only on "court Fabricated Evidence."

Boldrinis' motions are filed pursuant to Rule 60(b), which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or

>   vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Since the challenged prior Orders of the court which are the subject of Boldrinis' instant motions contain explanations as to why they were issued, the court will not repeat these discussions. Suffice to say that the court finds that there were no "mistakes" in considering the prior Orders at issue herein.

Additionally, the Third Circuit has held that "under well-established principles, Rule 60(b) is not a substitute for appeal." Singleton v. Beadle, 839 Fed.Appx. 671, 673 (3d Cir. 2021) (quoting Page v. Schweiker, 786 F.2d 150, 154 (3d Cir. 1986)). Here, the court finds that Boldrinis are attempting to use their Rule 60(b) motions as substitutes for appeals. In fact, Boldrinis have filed a notice of appeal in this case which is currently pending before the Third Circuit. (Docs. 82 & 83). Further, as in the Singleton case, *id*. at 673-74, Boldrinis' motions "reargue many of the claims [they] previously raised, while also attacking the District Court['s] [Orders] that rejected those claims." Thus, similar to Singleton, *id*. at 674, Boldrinis' motions essentially allege that the court's prior Orders contained legal errors as opposed to alleging "mistakes" warranting relief under Rule 60(b)(1).

Moreover, Boldrinis' unsubstantiated allegations that the court's prior Orders were based only on "false" and "court Fabricated Evidence", and that the court was deliberately distorting the facts, are frivolous and completely devoid of any merit as reflected in the decisions and the record.

Finally, insofar as Boldrinis are deemed as also "relying on [Rule] 60(b)(6) which affords relief for 'any other reason that justifies relief,' that is for a reason not encompassed within Rule 60(b)(1) through Rule 60(b)(5)", their motions fail since "[t]o obtain relief under 60(b)(6) requires a showing of "extraordinary circumstances", and they have clearly not made such a showing. <u>Pallante v. Those Certain Underwriters at Lloyd's London</u>, 2019 WL 2024951, *2 (E.D. Pa. May 8, 2019) (internal citations omitted).

Thus, the motions for relief from the court Orders under Rule 60(b) filed by both Boldrini defendants, **(Docs. 89 & 90)**, are **DENIED**.

This case shall remain **CLOSED**, as it has been remanded.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: May 13, 2022**
21-2005-05